UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ALBERTO GORIS,

                                         Plaintiff,

      -against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police Commissioner; NELDRA M. ZEIGLER, Deputy Commissioner, Office of Equal Employment Opportunity; WILLIAM PLANETA, Sergeant, Identify Theft Squad, each being sued individually and in their official capacities as employees of the NYPD,

                                         Defendants.

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

08 Civ. 647 (ILG)(MDG)

------------------------------------------------------------------- X

      **WHEREAS**, plaintiff commenced this action by filing a complaint in the United States District Court for the Eastern District of New York on or about February 15, 2008, alleging that the defendants created a discriminatory hostile work environment on the basis of his race, color and national origin, that defendants discriminated against him due to his race, color and national origin, in denying him promotions which he claims he should have been awarded, and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., 42 U.S.C. §§ 1981 and 1983, and New York State and City Human Rights Laws;

      **WHEREAS**, defendants deny each and every allegation of the complaint and the amended complaint and any and all liability arising out of plaintiff's allegations;

      **WHEREAS**, no party herein is an infant or incompetent for whom a committee has been appointed;

      **WHEREAS**, there is no person not a party who has any interest in the subject matter of this proceeding; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without any admission of any fault or liability; **NOW, THEREFORE,**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, as represented below, as follows:

1. The above-captioned action is hereby dismissed and discontinued, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraphs "2," and "3" below.

2. The City of New York hereby agrees to pay plaintiff sixty thousand dollars ("$60,000.00") in settlement of his claims, including attorney's fees and costs.

3. Defendant Planeta agrees to pay plaintiff one thousand dollars ("$1,000.00") in settlement of his claims, including attorney's fees and costs.

4. Defendant Planeta also agrees that he shall not appeal any decision of the Police Commissioner with respect to any disciplinary charges stemming from the complaint of discrimination and retaliation filed against him by plaintiff and Detectives Miguel Marte and Miguel Baez, with the City of New York Police Department's ("NYPD"), Office of Equal Employment Opportunity ("OEEO"), OEEO Complaint # 0043s07.

5. Defendant Planeta further agrees that he shall withdraw with prejudice any and all cross-claims asserted in this action against the City of New York, the NYPD, Raymond W. Kelly, Police Commissioner, and Neldra M. Zeigler, Deputy Commissioner – Equal Employment Opportunity ("City Represented Defendants"), including any claims for contribution or indemnification, and that he releases and discharges the City Represented Defendants, their successors or assigns, and all present or former officials, employees, representatives and agents of the City of New York, or the NYPD or both, their successors or assigns, from any and all cross-claims, which were, or could have been, asserted in this action, including, but not limited to, all claims for indemnification and contribution.

6. In consideration for the payment and the other good and valuable consideration set forth in paragraphs "2," and "3" above, plaintiff releases and discharges the City Represented Defendants, and Sergeant William Planeta, their successors or assigns, and all present or former officials, employees, representatives and agents of the City of New York, or the NYPD or both, their successors or assigns ("Released Parties"), from any and all claims, liabilities or causes of action, of any kind whatsoever, whether known or unknown, joint or several, whether discoverable or not, from the beginning of the world through the date this Stipulation and Order of Settlement and Dismissal, and General Release are signed, including, but not limited to, causes of action which were, or could have been, raised in this action, and including, but not limited to, all claims for attorney's fees and costs.

7. By executing this Stipulation and Order of Settlement and Dismissal ("Stipulation") plaintiff acknowledges that in accordance with the Older Workers Benefit Protection Act (29 U.S.C. § 626), (i) he enters into this Stipulation voluntarily and with full understanding and knowledge of its consequences; (ii) he has been advised to consult with an attorney before executing this Stipulation and has been represented by counsel in connection herewith; (iii) he has been provided with at least a twenty-one (21) day period to review and consider whether to sign this Stipulation; and (iv) he has been advised that he has seven (7) days following his execution to revoke it (the "Revocation Period").

8. This Stipulation will not be effective and enforceable until the Revocation Period has expired. Such revocation shall only be effective if an originally-executed written notice of revocation is delivered to defendants' counsel on or before 5:00 p.m. on the seventh day after the date of plaintiff's execution of this Stipulation. If so revoked, this Stipulation shall be deemed to be void *ab initio* and have no force or effect and plaintiff shall not have any rights whatsoever under it.

9. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a general release based on the terms of paragraphs "2," an "3" above, and an affidavit of no liens.

10. Defendant Planeta shall execute and deliver to the City Represented Defendants' attorney all documents necessary to effect this settlement, including, without limitation, a release based on the terms of paragraphs "4" and "5," above.

11. In the event that a taxing authority or Court determines that the payments made by defendants pursuant to this Stipulation are subject to personal income tax, any taxes, interest or penalties determined to be owed by the plaintiff or his counsel, it shall be the sole and complete responsibility of the plaintiff or his counsel, respectively, and the plaintiff and his counsel shall not have a claim, right, or cause of action against the defendants or any of their subdivisions, or any former, present, or future officials, agents, employees or representatives of the defendants, or their agencies, departments, or subdivisions, or their successors and assigns, on account of such taxes.

12. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York, or the NYPD, or any other rules, regulations or bylaws of any department or subdivision of the City of New York, or the NYPD. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

13. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, or the NYPD or both.

14. This Stipulation contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation regarding the subject matter of the instant

proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
        January 9, 2009

| | |
|---|---|
| **JEFFREY L. GOLDBERG, P.C.**<br>Attorneys for Plaintiff<br>2001 Marcus Avenue, Suite S160<br>Lake Success, New York 11042<br>(516) 775-9400<br>esanders@jlgoldbergpc.com<br><br>By: _____<br>Eric Sanders | **MICHAEL A. CARDOZO**<br>Corporation Counsel of the City of New York<br>Attorney for City Represented Defendants<br>100 Church Street, Room 2-184<br>New York, New York 10007-2601<br>(212) 788-8688<br>imendez@law.nyc.gov<br><br>By: _____<br>Ivan A. Mendez, Jr.<br>Assistant Corporation Counsel |

**QUINN & MELLEA, LLP**
Attorneys for Defendant Planeta
399 Knollwood Road
White Plains, New York 10603
(917) 997-0555
bgioffre@quinnmellealaw.com

By: _____
Bruno V. Gioffre

**SO ORDERED:**

_____           _____
Date                                                    U.S.D.J.